1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:    (559) 497-4000
   Facsimile:    (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                 IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          | CASE NO.  1:20-CR-00241-ADA-BAM |

12 |                    Plaintiff,       | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

13 |            v.                       |                                 |

14 | EMARIE ORNELAS,                     | DATE: March 22, 2023 TIME: 8:30 a.m. COURT: Hon. Ana de Alba |

15 |                    Defendants.      |                                 |

16

17         This case is set for status conference on March 22, 2023, which the parties stipulate to vacate in

18 order to set a change of plea hearing on January 23, 2023, for the reasons set forth below.  On May 13,

19 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of

20 California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of

21 judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16,

22 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all

23 criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

24 declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

25         Although the General Orders and declarations of emergency address the district-wide health

26 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                1
PERIODS UNDER SPEEDY TRIAL ACT

1   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

3   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

4   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6   findings on the record "either orally or in writing").

7          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

9   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

10  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

11  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

12  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

13  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

14  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

15         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

16  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

17  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

18  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

19  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

20  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

21  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

22  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

23  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

24  by the statutory rules.

25         In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

28
        [2] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

     STIPULATION REGARDING EXCLUDABLE TIME
     PERIODS UNDER SPEEDY TRIAL ACT

2

1  for the change of plea.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.     By previous order, this matter was set for status on March 22, 2023.

7  2.     By this stipulation, the parties now move to vacate the status conference date for a change

8  of plea on January 23, 2023.

9  3.     The parties agree and stipulate, and request that the Court find the following:

10  a)     On November 16, 2022, the parties entered into and filed a Memorandum of Plea

11  Agreement.  Dkt. 299.  For that reason, the parties agree that a change of plea on January 23,

12  2023 is appropriate.  Prior to filing this stipulation, the parties conferred with the courtroom

13  deputy for the assigned district court judge, who indicated this date is available for a change of

14  plea.

15  b)     Time was previously excluded until March 22, 2023.

16  4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

17  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18  must commence.

19  IT IS SO STIPULATED.

20

21  Dated:  November 16, 2022                    PHILLIP A. TALBERT
                                                United States Attorney

22

23                                              /s/ STEPHANIE M. STOKMAN
                                                STEPHANIE M. STOKMAN
                                                Assistant United States Attorney

24

25  Dated:  November 16, 2022                    /s/ KEVIN ROONEY

26                                              KEVIN ROONEY
                                                Counsel for Defendant

27                                              Emarie Ornelas

28  _____
    Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME            3
PERIODS UNDER SPEEDY TRIAL ACT

### ORDER

IT IS SO ORDERED that the status conference set for March 22, 2023, is vacated. A change of plea hearing is set for **January 23, 2023, at 8:30 a.m. before District Judge Ana de Alba**.  Time was previously excluded until March 22, 2023.


IT IS SO ORDERED.

Dated:    **November 16, 2022**             /s/ *Barbara A. McAuliffe*   
                                          UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4